```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
```

UNITED STATES OF AMERICA,

      v.                              11-CR-

JOHN GROSS,

      Defendant.

## **I N F O R M A T I O N**
(18 U.S.C. §1341 and 26 U.S.C. §7206(2))

### COUNT 1
### (Mail Fraud)

**The United States Attorney Charges**:

1. Between in or about 2007, the exact date being unknown, and on or about the 15th day of July 2009, in the Western District of New York, and elsewhere, the defendant JOHN GROSS, devised and intended to devise a scheme and artifice to defraud the Hartford Insurance Company of the Midwest (Hartford), Goodyear Tire & Rubber Company, and others, and to obtain money and property from them by means of false and fraudulent pretenses and representations.

2. It was part of the scheme and artifice that, at all times pertinent to this information, the defendant JOHN GROSS operated David Gross Contracting (DGC), a plumbing, HVAC, and general contracting business in Niagara Falls, New York. While the company bore the name of the defendant's son, defendant JOHN GROSS oversaw the operation of the company.

3. It was further part of the scheme and artifice to defraud that from time to time during the time period pertinent to this information, employees of DGC, acting at the request and direction of the defendant JOHN GROSS, would obtain, create, and submit, by means of fraud and deception, written bids for various contracting jobs which were falsely and fraudulently represented to be bona fide and genuine bids provided by contractors and businesses other than those associated with DGC or its related entities. Such purported bids from other contractors, in truth and in fact, however, were created, obtained, and submitted by DGC by means of fraud, deception and deceit.

Summit Park Mall

4. In December 2008, the Summit Mall, located in Wheatfield, New York, sustained damage, as a result of high winds, to the roof to include the rooftop heating and air conditioning units. In the immediate aftermath of the storm, a work crew from DGC performed emergency work at the Summit Mall. Subsequently, employees of DGC, acting at the request and direction of the defendant JOHN GROSS, set out to obtain, by means of fraud and deception, two additional "bids", to be presented to a claims adjuster for the Hartford Insurance Company of the Midwest (Hartford), the insurance carrier for the Summit Mall. Those bids were to be presented along with a

DGC bid to cover the repairs to the damage to the roof and the rooftop heating and air conditioning units.

5. The first fraudulent "bid" was concocted by a DGC employee at the request and direction of the defendant JOHN GROSS. Specifically, drawing from a supply of letterhead for rival contractors that DGC maintained, such employee created a false and fictitious "bid" in the name of one such contractor. That fraudulent "bid," dated January 2, 2009, in the name of the competing contractor, provided for the installation of six roof top heating and air conditioning units at a total cost of $89,473.80.

6. In order to obtain a second "bid," another employee of DGC, acting at the direction of defendant JOHN GROSS, contacted another contractor, with whom DGC had a history of employing as a subcontractor on various DGC jobs. The DGC employee misled the contractor by telling them that their bid would be for a subcontract related to DGC's contract to repair the Summit Mall. As a result, DGC obtained a "bid" in the amount of $87,848.00, from such contractor.

7. Having obtained the two "bids" in the manner described in the preceding two paragraphs, DGC prepared its own bid in the amount of $79,770.00. DGC's bid was identical in terms of the work

to be performed as the bids mentioned in the preceding two paragraphs.

8. On or about January 2, 2009, all three of the bids for the Summit Park Mall were, at the direction of defendant JOHN GROSS, submitted to a Summit Mall employee to whom defendant JOHN GROSS had previously provided, at a substantially reduced cost, repairs and improvements to such employee's personal residence. Such employee, in turn, represented to his management that such bids were independently obtained.

9. For the purpose of executing and attempting to execute the scheme and artifice, the defendant JOHN GROSS did knowingly cause matter, to wit, a check in the amount of $229,404.24, to be deposited in a post office or authorized depository for mail matter, which was to be sent by the United States Postal Service or by a private commercial interstate carrier, to Oberlin Plaza One LLC T/A/, PO Box 10810, Raleigh, NC 27605. That check, which represented payment both for emergency work done by DGC at the Summit Park Mall immediately following the storm, as well as for the work set forth in the three (3) bids described in paragraphs 5 through 7 above, was negotiated on or about February 25, 2009, negotiated and a portion of the proceeds were provided to DGC.

Goodyear Tire & Rubber Company

10. At all times pertinent to this information, the Goodyear Tire & Rubber Company (Goodyear) had a Chemical Division which had a plant located in Niagara Falls, New York, that manufactured chemicals used in the tire manufacturing process. Defendant JOHN GROSS developed personal relationships with two of Goodyear's purchasing agents who were authorized to make certain purchases on behalf of Goodyear. Defendant JOHN GROSS would, from time to time, over the course of such relationships, provide such Goodyear purchasing agents with free charter fishing trips and other benefits, including providing, at substantially reduced costs or at no cost, various repairs and improvements to such purchasing agents' personal residences.

11. In or before December of 2007, DGC fraudulently submitted to one of the Goodyear purchasing agents mentioned in the preceding paragraph, a bid for services related to cleaning HVAC duct work at Goodyear. DGC submitted its bid and was awarded that job, only after secretly receiving from the Goodyear purchasing agent, at the direction of defendant JOHN GROSS, a bid previously submitted to Goodyear by a DGC competitor. Having received such bid, DGC was able to rig its own bid in order to undercut its competitor's bid, thus ensuring its securing the job. For the purpose of executing

and attempting to execute the scheme and artifice, on or about December 31, 2007, the defendant JOHN GROSS did knowingly cause matter, to wit, a Goodyear check in the amount of $2,904.20, to be deposited in a post office or authorized depository for mail matter from Goodyear headquarters in Akron, Ohio, which check was to be sent by the United States Postal Service or by a private commercial interstate carrier, to DGC, in Niagara Falls, New York.

12. In or before July of 2009, DGC fraudulently submitted to the other Goodyear purchasing agent mentioned in the paragraph 10, above, a bid for services related to three (3) fire hydrants and various plumbing equipment and services at Goodyear. In addition to its own bid, DGC also submitted to the Goodyear purchasing agent a false and fraudulent higher bid which a DGC employee fabricated at the direction of defendant JOHN GROSS. DGC was awarded the contract. For the purpose of executing and attempting to execute the scheme and artifice, the defendant JOHN GROSS did knowingly cause matter, to wit, a Goodyear check in the amount of $19,002.60, to be deposited in a post office or authorized depository for mail matter from Goodyear headquarters in Akron, Ohio, to be sent by the United States Postal Service or by a private commercial interstate carrier, to John J. Gross Contracting, in Niagara Falls, New York. On or about July 15, 2009, that check, was negotiated and deposited into a DGC bank account.

**All in violation of Title 18, United States Code, Section 1341.**

## COUNT 2
### (Aiding in the Preparation of a False Tax Return)

**The United States Attorney Further Charges:**

On or about March 14, 2008, in the Western District of New York, the defendant, JOHN GROSS, a resident of Niagara Falls, New York, did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a U.S. Corporation Income Tax Return, Form 1120, in the name of David Gross Contracting, Inc. for the calendar year 2007. The return was false and fraudulent as to a material matter, in that, certain receipts were not included in Line 1c of Form 1120, entitled "gross receipts or sales," since the defendant JOHN GROSS directed employees of David Gross Contracting, Inc. who received customer payments to have customers make their checks payable to "David Gross" instead of to David Gross Contracting, Inc. The defendant JOHN GROSS would then endorse the checks to himself and direct that the employees of David Gross Contracting, Inc. cash the checks and provide to him the currency obtained through the negotiation of such checks. In so doing, defendant JOHN GROSS ensured that certain receipts obtained were never recorded in the

accounting software that was used by David Gross Contracting, Inc., and as a result, such receipts were not provided to the accountant who prepared its corporate income tax return to be included as part of the corporation's gross receipts or sales.

**All in violation of Title 26, United States Code, Section 7206(2).**

DATED: Buffalo, New York, June 10, 2011.

                      WILLIAM J. HOCHUL, JR.
                      United States Attorney


BY:   s/JAMES P. KENNEDY, JR.
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York  14202
       (716) 843-5700, ext. 892
       jp.kennedy@usdoj.gov