UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                *Plaintiff,*

  v.                                                    Case #:  11-CR-00197-001(A)

JOHN GROSS,

                *Defendants.*

---

## **DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING REPLY MEMORANDUM**

DATED:     Buffalo, New York
                 January 5, 2012

                                                Respectfully submitted,

                                                /s/Herbert L. Greenman

                                                HERBERT L. GREENMAN, ESQ.
                                                LIPSITZ GREEN SCIME & CAMBRIA
                                                Attorneys for Defendant
                                                JOHN GROSS
                                                Office and Post Office Address
                                                42 Delaware Avenue - Suite 300
                                                Buffalo, New York 14202
                                                (716) 849-1333
                                                hgreenman@lglaw.com

TO:    JAMES P. KENNEDY, ESQ.
       ASSISTANT UNITED STATES ATTORNEY
       138 Delaware Avenue
       Buffalo, New York 14202

       LINDSAY MAZA
       UNITED STATES PROBATION OFFICER
       2 Niagara Plaza
       Buffalo, New York 14202

**DEFENDANT'S RESPONSE TO GOVERNMENT'S REPLY MEMORANDUM**

On December 29th, 2011, counsel for John Gross filed a sentencing memorandum on behalf of Mr. Gross. On January 4, 2012 the government filed a sentencing reply memorandum. In its memorandum, the government acknowledged that it continued to advocate for a sentence within the range of 30 to 37 months.

However, the government indicated that it felt "compelled to call to the Court's attention two relatively recent developments…." In sum and substance, the government has claimed that in late December, 2011, agents learned that Mr. Gross continued to receive cash and personal checks as payment for services rendered to David Gross Contracting, Inc. (DGC). The government further indicated that it felt that the checks and currency were "presumably" retained by Mr. Gross and not reported to DGC as income to the business.

The government's "presumptions" are not supported by the actual 2010 DGC corporate tax return that has been filed and paid. Also, the 2011 DGC corporate return (which would cover the last 12 months) has not yet been filed because the return is not yet due.

Since receiving the government's reply memorandum, we have consulted with DGC's auditors and have been advised that additional income in the form of some checks and cash **was** reported on line 10 as "other income" on the DGC Corporate Income Tax Return Form 1120 for the year 2010 that has been filed and paid. (Our review of this corporate return confirmed that $242,908 was reported on the schedule for line 10 as "deposits in excess of sales"). Also, the auditors have not finalized the 2011 return and

have the same intentions of timely filing the corporate return and reporting all checks and cash received in 2011 when the return is due.    In light of the foregoing, we respectfully maintain that the government's "presumption" that Mr. Gross continued to violate the law, is simply not founded, especially since the 2011 return has yet to be filed.

In addition to the foregoing, the government has maintained that five of the letters submitted to the Court on behalf of Mr. Gross are from individuals whom, the government advises, had questionable relationships with Mr. Gross over the years.

For example, the government has pointed to a letter written by Patti Weiss who previously was employed by Clover Management, a real estate management and holding company. The government has claimed that during her tenure with the company, legitimate checks paid by Clover Management were made payable to David Gross rather than David Gross Contracting.  As a result, the government has suggested that John Gross may have been able to cash some of the checks which were personal checks made payable to David Gross.  The government has claimed that the owner of Clover Management was unable to "determine why the checks were styled David Gross rather than David Gross Contracting…."

In addition, the government has pointed to a letter written on Mr. Gross' behalf by Ronald Anderluh who was a former manager of the Summit Mall whose employment was previously terminated.  The government has, again, suggested that DGC had performed unnecessary work at the Summit Mall and that some of the work was "substandard and unnecessary."  Therefore, the government concluded that the excess expenditures "<u>may </u>have contributed to the decision of the owner of the Summit Mall no longer to operate the Mall."

The government has conceded that the agents did not ask the owner specific questions about that information but concluded only that the owner felt that "he could not keep putting money into the mall and ultimately had to close it."

In fact, a portion of the mall is still open today,[1] and, indeed, in a victim impact statement prepared by James Anthony, managing member of Oberlin Plaza One, LLC, Mr. Anthony indicated that the loss attributed to some of the work done by DGC was "small compared to the loss we incurred due to the bankruptcy of tenants and high operating costs at the property."  Indeed, Mr. Anthony concluded his statement by indicated that "Mr. Gross' company was always effective and responsive."

The other three letters referred to by the government also contain conjecture or surmise as to wrongdoing by the authors of the letters.  We ask the Court to consider the government's submission to the Court as surmise.

The government has noted that what it has referred to comprises only a small portion of many other letters which the Court has received.   Indeed, the government has candidly stated that it does not dispute much of what is contained in the approximately 50 other letters provided to the Court.

In our December 29th sentencing memorandum, we did not ask the Court to forgive or minimize Mr. Gross' criminal conduct.  Without any doubt, a number of letters clearly indicate that the writers do not condone, in any way, Mr. Gross' conduct.  Indeed, the defendant understands that the Court, in making a determination as to what sentence to impose, will in no way consider the letters as a referendum by any of the writers as a suggestion that Mr. Gross should be forgiven.  Indeed, the converse is true.

---

[1] Reportedly DGC still does work for the mall.

The letters were submitted merely as an attempt to indicate the full scope of Mr. Gross' life.  While, as we have clearly indicated, Mr. Gross has committed serious criminal acts both in the past and in the present circumstances, he has also performed good work in the Niagara County community.  We simply ask the Court to take into account all of the information that it has before it.

WHEREFORE, counsel prays that this Court sentence Mr. Gross accordingly.

/s/Herbert L. Greenman

HERBERT L. GREENMAN, ESQ.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
                *Plaintiff,*

v.                                  Case #:  11-CR-00197-001(A)

JOHN GROSS,
                *Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on 1/5/12 I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system.

I hereby certify that on 1/5/12 a copy of the foregoing was also delivered to the following via CM/ECF:

TO:    JAMES P. KENNEDY, ESQ.
           ASSISTANT UNITED STATES ATTORNEY
           138 Delaware Avenue
           Buffalo, New York 14202

           LINDSAY MAZA
           UNITED STATES PROBATION OFFICER
           2 Niagara Plaza
           Buffalo, New York 14202

Dated:      Buffalo, New York
              January 5, 2012

                                                               /s/Elizabeth M. Jagord-Ward

                                                               Elizabeth M. Jagord-Ward